UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

CHARLES H. HILL,

        Plaintiff,

v.

ISIDRO BACA; et al.,

        Defendants.

_____/

No. C 14-3029 LB

**ORDER OF TRANSFER**

    Charles H. Hill, an inmate in a prison in Carson City, Nevada, filed this *pro se* civil action in the U. S. District for the Eastern District of New York. The action was transferred to this district because some of the allegations in the complaint concerned events and omissions that occurred at Napa State Hospital. Mr. Hill then filed an amended complaint. ECF No. 13.

    The amended complaint is quite difficult to read in places, but appears to allege that Mr. Hill has numerous medical problems that he alleges are side effects of the numerous psychotropic and other prescription medications that he has consumed over the last 33 years. He took some of the medications while he was at Napa State Hospital and Atascadero State Hospital in 1981-1983, and has taken the medications since 1985 through the present while in prison in Nevada. *Id.* at 8-9. Mr. Hill's various illnesses developed in 1997 through 2014, while in the custody of the Nevada Department of Corrections. *See id.* at 9-10. His medical records apparently are maintained by the

Nevada Department of Corrections. *See id.* at 13. The amended complaint alleges some federal causes of action, as well as state law claims that arise under Nevada Revised Statutes. ECF No. 11 at 7. Mr. Hill is in prison serving a sentence of life-without-parole following his 1985 conviction in a Nevada court of first degree murder. *See Hill v. Palmer*, D. Nev. Case No. 3:11-cv-00048-MMD-VPC, ECF No. 1-2 (petition for writ of habeas corpus).

The court may transfer an action to a different district "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Here, the amended complaint is based on events and omissions that occurred overwhelmingly in the District of Nevada. Mr. Hill consumed the allegedly harmful medications for a couple of years in the Northern and Central Districts of California more than 30 years ago, and for the last thirty years has consumed the allegedly harmful medications while in custody in the District of Nevada. The alleged injuries manifested during Mr. Hill's incarceration in the District of Nevada from 1997 through the present. His medical records for the last 30 years are under the control of the Nevada Department of Corrections. Most importantly, Mr. Hill is for the foreseeable future under the control of the Nevada Department of Corrections in the District of Nevada, making his travel to this district for any proceedings unusually expensive and difficult. Although venue might also be proper in the Northern District of California or the Central District of California based on Mr. Hill's consumption of medications in hospitals in those districts three decades ago, the District of Nevada clearly is the most convenient forum because Mr. Hill is incarcerated in that district, most of the events and omissions complained of took place in that district, and most of the witnesses and evidence will be found in that district. Accordingly, pursuant to 28 U.S.C. § 1404(a), and for the convenience of parties and witnesses, this action is TRANSFERRED to the United States District Court for the District of Nevada. The clerk shall transfer this matter.

**IT IS SO ORDERED.**

Dated: July 22, 2014

LAUREL BEELER
United States Magistrate Judge